### PELLETREAU *vs.* JACKSON.

Where a verdict was rendered for plaintiff by consent of the parties, subject to the opinion of the court on a case made, who after hearing argument, gave judgment for plaintiff, and certified in a bill of exceptions that the jury were *charged*, and that under such charge, they *found*, &c. this court refused to direct an amendment of the bill stating that the verdict was found *by cousent, subject* &c. on the ground that the facts could not be reviewed on trial of error whether found by court or jury.

THIS was a motion for a *mandamus* to the judges of the superior court of the city of New-York to amend a bill of exceptions, settled by them by striking out parts thereof, and inserting matter proposed by the plaintiff in error, and rejected by them. At the trial of the cause in the court below, after the evidence was closed, the jury, by consent of the parties, found a verdict for the plaintiff *subject to the opinion of the court upon a case* containing the facts adduced on the trial. A case was made and argued, and judgment rendered for the plaintiff, the defendant excepting to the decision of the court. The case was then turned into a bill of exceptions by the defendant, in which he stated that the jury, by consent of parties, had rendered a verdict for the plaintiff, subject to the opinion of the court, on a case to be made ; that such case was made and argued, and that the court decided that the plaintiff had shewn sufficient to entitle him to judgment, to which decision the defendant excepted. The statement was stricken out by the court, and in lieu thereof a paragraph inserted, that the judge *charged the jury* that if they believed a certain instrument in writing produced in evidence on the trial to have been duly executed, the plaintiff was entitled to their verdict ;

November 17.

ALBANY,
Nov. 1831.

Kimball
v.
Huntington.

that the defendant excepted to the opinion of the judge, and that the jury under such opinion gave their verdict for the plaintiff; and further, that the exception then taken was subsequently argued by counsel, and overruled by the court, who refused a new trial, and that to such decision the defendant excepted.

*A. Burr*, for the plaintiff in error, insisted that the court below were bound to state the facts according to the truth of the case, so that it might not hereafter be urged against his client, that he was conluded upon certain points by the *finding of the jury*, when in fact the jury had found nothing, having merely rendered a verdict *pro forma*.

*B. F. Butler*, for the defendant in error.

*By the Court*, SUTHERLAND, J. The bill of exceptions is in the ordinary form. The finding upon the facts cannot be reviewed upon a writ of error, whether such finding be by the jury, or by the court substituted in their place by the consent of parties. Could it be beneficial to the plaintiff in error to have the fact stated that the verdict was found by consent, subject to the opinion of the court, we would direct the bill to be amended; but being of opinion that such alteration can have no effect upon the rights of the parties, the motion must be denied.